1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| CURTIS LEROY FREEMAN, | Civil No.   08cv1421 J (RBB) |
| Petitioner, | **ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION** |
| vs. | |
| WARDEN, MULE CREEK PRISON, et al., | |
| Respondents. | |

17      Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to

18  28 U.S.C. § 2254 attacking a conviction from the Superior Court of Riverside County,

19  California.  Petitioner has also filed an application to proceed in forma pauperis.  Upon

20  reviewing the petition, the Court finds that this case should be transferred in the interest of

21  justice. Thus, this Court does not rule on Petitioner's in forma pauperis status.

22      A petition for writ of habeas corpus may be filed in the United States District Court of

23  either the judicial district in which the petitioner is presently confined or the judicial district in

24  which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

25  *Circuit Court*, 410 U.S. 484, 497 (1973).  The application in the present matter attacks a

26  conviction in the Superior Court of Riverside County, California, which is within the

27  jurisdictional boundaries of the United States District Court for the Central District, Eastern

28  / / /

Division.  *See* 28 U.S.C. § 84(c)(1).  Moreover, Petitioner is presently confined at Mule Creek State Prison, which is located in Amador County and is within the jurisdictional boundaries of the United States District Court for the Eastern District of California.  *See* 28 U.S.C. § 84(b).  Thus, jurisdiction exists in the Central or Eastern District; and not in the Southern District.

Although this Court does not have jurisdiction over the action, "[u]nder a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'"  *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)).  The Ninth Circuit has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is "time-consuming and justice-defeating."  *Miller*, 905 F.2d at 262 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).  Therefore, pursuant to 28 U.S.C. § 1631, this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C. § 2241(d).

When a habeas petitioner is challenging a state conviction, the district court of the district in which a petitioner was convicted and sentenced is a more convenient forum because of the accessibility of evidence, records and witnesses.  Thus, it is generally the practice of the district courts in California to transfer habeas actions challenging a state conviction to the district in which the Petitioner was convicted.  Any and all records, witnesses and evidence necessary for the resolution of Petitioner's contentions are more readily available in Riverside County, which is thus a more convenient forum.  *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    of course, transfer habeas cases to the district of conviction which is ordinarily a more

2    convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

3        Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court

4    transfer this matter to the United States District Court for the Central District of California,

5    Eastern Division.  *See* 28 U.S.C. § 2241(d).   **IT IS FURTHER ORDERED** that the Clerk of

6    this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

7

8    DATED:  August 21, 2008

9

10                                HON. NAPOLEON A. JONES, JR.
                                 United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

August 21, 2008

Office of the Clerk
Central District of California Eastern Division
3470 Twelfth Street
Riverside, CA 92501-3801

Re: Freeman v. Warden et al, Case No. 08-cv-01421-J (RBB)

Dear Sir or Madam:

Pursuant to Order transferring the above-entitled action to your District, we are transmitting herewith our entire file.

Thank you.

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: s/  A. Wooden, Deputy

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants: